José Vías Torrijos et al., Petitioners, *v.* Tax Court of Puerto Rico, Respondent. Rafael Buscaglia, Treasurer of Puerto Rico, Petitioner, *v.* Tax Court of Puerto Rico, Respondent.

Nos. 113 and 114. Argued June 3, 1947.—Decided June 23, 1947.

*J. J. Ortiz Alibrán* for the heirs of Juan F. Vías; *Luis Negrón Fernández, Attorney General,* and *Edgar S. Belaval,* special attorney of the Department of Justice, for the Treasurer of Puerto Rico.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The Treasurer of Puerto Rico notified certain deficiencies to José, Manuel and Amalia Vías Torrijos, who are the Heirs of Juan F. Vías, in connection with the income taxes corresponding to the years 1938 to 1942, alleging that said persons, pursuant to § 2(*a*)(3) of Act No. 74 of August 6, 1925, as amended, constitute a partnership or joint adventure for

profit. The reconsideration sought was denied and the taxpayers appealed to the Tax Court. After a hearing, said court decided that the payment of the deficiencies corresponding to 1938, 1939 and 1940 did not lie, but those for 1941 and 1942 did, in part. We issued the writs of certiorari in these cases on motion of the taxpayers and of the Treasurer in order to review the decision rendered. We shall dispose of both cases jointly.

In case No. 113, the petitioners inherited from their father in 1938, a rural property, a house situated in 21 Cruz Street and one-half interest in a house at 42 Salvador Brau Street, both in San Juan. The Tax Court, according to its opinion, found that " . . . considering the ruinous state of the house at 21 Cruz Street and not being satisfied with the rentals accruing therefrom, they proceeded to destroy a two-story building which was erected there at the time of their father's death and at the time of the partition of the property and erected in its place a new four-story building. For this purpose they took $24,000 from their mother in exchange of a life pension and the amounts of $15,000, $13,000 and $750 from the Banco Popular de Puerto Rico. An engineer-contractor made the corresponding plats and the specifications of the work to be done. The original contract which they signed for this work amounted to $37,000 and $11,900 for additional work. They have an attorney in fact who, as their representative, leases the apartments of said building, makes the contracts and pays for the repairs and other expenses related thereto and every month sends to each one of the appellants their share of one-third of the net proceeds of the rentals of said building.

"In the partition of the property made by their father on May 11, 1938, they were also adjudicated a common and undivided interest of one-half of a building and lot at 42 Salvador Brau Street in San Juan. Subsequently, and without stating the date, appellants purchased the other one-half

interest in said building from their uncle. This purchase was carried out with money of their own, in order to avoid any possible difficulties which might arise with three legitimate children and a goddaughter which said uncle had. After this purchase, they continued to divide equally among themselves the net proceeds of all the rentals of the building.''

Section 2(a)(3) of the Income Tax Act, as the same was in force on December 31, 1939, provided that:

"The term 'partnership' includes civil mercantile partnerships, and industrial, agricultural or professional partnerships or partnerships of any kind, and all classes of associations.''

It was amended by Act No. 31 of April 12, 1941, effective since January 1, 1940, to read thus:

"The term 'partnership' includes civil, business, industrial, agricultural and professional partnerships or of any other kind, whether or not its constitution is set forth by public deed or private document; and it shall include, further, two or more persons, under a common name or not, engaged in a joint venture for profit.''

Does it appear from the findings of the lower court that a joint adventure existed which bound the petitioners to pay the income tax imposed by law on those entities? The Tax Court decided against appellants as to both houses situated in San Juan which in its opinion were possessed in a joint adventure for profit for 1941 and 1942. As to the preceding years it decided against the existence of a joint adventure in accordance with the terms of aforesaid Act before its amendment in 1941.

The rule to determine the existence of a joint adventure was established in *Puig* v. *Tax Court*, 65 P.R.R. 691, where we said:

"It is well established that the mere community of property does not constitute a joint adventure. *Chisholm* v. *Gilmer*, 81 F. (2d) 120 (C.C.A. 4th, 1936) and *Bowmaster* v. *Carroll*, 23 F.(2d) 825, (C.C.A. 8th, 1928). To constitute a joint adventure the co-owners must, without actually forming a partnership, contribute their con-

dominia and engage in some specific transaction for profit; they must share in profits and losses; there should exist some fiduciary relationship as between partners so that there may exist a mutual agency in any transaction carried out within the scope of the joint adventure, each one having a voice and vote in the management of the business, although they may agree that one or more of them may act on behalf of the others in the conduct of the enterprise, as is the case in partnerships. (Citing authorities.)''

■■ The present case, insofar as the house of 21 Cruz Street is concerned, is similar to *Buscaglia* v. *Tax Court,* certiorari 73, decided by a *per curiam* decision of April 12, 1946, where we stated that ''those facts merely reveal that the taxpayers inherited a lot containing some houses in ruinous conditions, which were destroyed, and in their place a new building was erected which they possess in common. These facts,[1] without more, do not establish a joint adventure for profit. . . .''

The Tax Court distinguishes *Buscaglia* v. *Tax Court, supra,* from the case at bar in that in the former the building was constructed with money from the estate, and in the present case, with money belonging to the members of the estate. In making this distinction said court did not cite any authority. In our judgment, the origin of the money does not determine whether the relationship existing between the owners is that of mere co-owners or if it is that of joint adventurers, and neither does it determine whether it is that of partnership. The rule is established in *Puig* v. *Tax Court, supra,* to the effect that there should exist some fiduciary relationship as between partners so that there may exist a mutual agency in any transaction carried out within the scope of the joint adventure, each one having a voice and vote in its management, although they may agree that one or more of them may act as manager of the others in the conduct of the business, as in the case of partnerships. More-

---

[1] The new building, as admitted in the briefs, is an apartment house from which the common tenants receive rentals.

over, the facts in the *Puig* case show that Cristóbal Puig and Gabriel Abraham acquired by purchase, in joint ownership, two houses in San Juan and later leased it to a partnership, but that "their activity was confined to receiving the income from their property, that is, the lease rental of their respective condominia. . . .". It should be presumed that when Puig and Abraham purchased the house they did so with their own money, but this fact, in itself, does not determine that when they leased their property and received their rentals they established a joint adventure for profit.

■ As to the one-half interest which petitioners purchased from their uncle in the house at 42 Salvador Brau Street, the evidence does not reveal either that there existed a joint adventure, inasmuch as they confined themselves to consolidating the ownership of the property so that instead of possessing one-half they became owners of the whole property, and it has not been shown that this operation changed in the least the relationship existing between them.

Since the conclusion reached by the Tax Court is erroneous as to the existence of the joint adventure for profit between the petitioners for 1941 and 1942, in case No. 113, the decision appealed from is reversed. Case No. 114 is affirmed inasmuch as said court decided that during the years 1938, 1939 and 1940 the joint adventure did not exist according to the laws in force during that time.

Mr. Justice Marrero concurs in the result.

